UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS
KANSAS CITY DIVISION

SAINABOU NDONG,              )
                             )
           Plaintiffs,       )  **Case No.**
                             )
      v.                     )  **Damages Caused by**
                             )  **Unlawful Debt Collection Practices**
                             )
ADVANCED CALL CENTER         )
TECHNOLOGIES, LLC,           )
                             )
           Defendant.        )

# COMPLAINT

SAINABOU NDONG ("Plaintiff"), by her attorneys, alleges the following against ADVANCED CALL CENTER TECHNOLOGIES, LLC, ("Defendant"):

1. Plaintiff brings this action on behalf of herself individually seeking damages and any other available legal or equitable remedies resulting from the illegal actions of Defendant, in negligently, knowingly, and/or willfully contacting Plaintiff on Plaintiff's cellular telephone to collect an alleged debt in violation of the Telephone Consumer Protection Act (hereinafter "TCPA"), 47 U.S.C. § 227 *et seq.* and under the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq. (hereinafter the "FDCPA").

## PARTIES

2. Plaintiff is a natural person residing in Johnson County, in the city of Overland Park, in the state of Kansas.

3. Plaintiff is allegedly obligated to pay a debt and is a "consumer" as that term is defined by 15 U.S.C. § 1692(a)(3).

4. Defendant is a Pennsylvania limited liability company doing business in the state of Kansas with its principal place of business located in Berwyn, Pennsylvania.

5. Defendant is a debt collector as defined by 15 U.S.C. § 1692a(6) and sought to collect a consumer debt from Plaintiff.

6. At all times relevant to this Complaint, Defendant has acted through its agents, employees, officers, members, directors, heir, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers.

## JURISDICTION AND VENUE

7. Jurisdiction of this Court arises under 28 U.S.C. § 1331, 47 U.S.C. §227(b)(3), and 15 U.S.C. § 1692k(d)

8. Venue is proper pursuant to 28 U.S.C. 1391(b)(1) as the conduct giving rise to this action occurred in this district, as Plaintiff resides in this district and Defendant transacts business in this district.

## FACTUAL ALLEGATIONS

9. Defendant placed collection calls to Plaintiff on behalf of a third party seeking and attempting to collect an alleged debts owed by Plaintiff to the third party.

10. The alleged debt arises from credit card transactions and used for personal, family, and household purposes.

11. Defendant placed collection calls to Plaintiff's cellular telephone at phone number (913) 201-XXXX.

12. Defendant places collection calls to Plaintiff from phone numbers including, but not limited to, (877) 410-9983, (866) 299-1288, (877) 388-4994 and (866) 266-3685.

13. Upon information and belief, based on the timing, frequency, and nature of its calls, Defendant placed these calls with an automated telephone dialing system and/or an artificial or prerecorded voice.

14. Defendant used an automatic telephone dialing system, as defined by 47 U.S.C. § 227(a)(1), and/or an artificial or prerecorded voice to place its telephone calls to Plaintiff's cell phone to attempt to collect a debt allegedly owed by Plaintiff.

15. Defendant's calls did not constitute calls for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A).

16. Defendant's calls were placed to a telephone number assigned to a cellular telephone service.

17. Defendant never received Plaintiff's "prior express consent" to receive calls using an automatic telephone dialing system or an artificial or prerecorded voice on her cellular telephone pursuant to 47 U.S.C. § 227(b)(1)(A).

18. On or about December 19, 2018, Plaintiff called into Defendant's company at phone number (866) 281-1264, spoke with Defendant's employee, and requested that Defendant stop calling her cellular phone.

19. During the conversation, Plaintiff gave Defendant her phone number, in order to assist Defendant in identifying her and accessing her account, before asking Defendant to stop calling her cellular phone regarding any of her accounts.

20. Defendant informed Plaintiff that the calls would stop.

21. Plaintiff revoked any consent, explicit, implied, or otherwise, to call her cellular telephone with an automatic telephone dialing system or an artificial or prerecorded voice in her conversation with Defendant's representative on December 19, 2018.

- 3 -

PLAINTIFF'S COMPLAINT

22. Despite Plaintiff's request to cease, Defendant continued to place collection calls to Plaintiff after December 19, 2018.

23. Despite Plaintiff's request, Defendant placed at least two hundred and seventy-one (271) calls to Plaintiff's cellular telephone after December 19, 2018.

24. The purpose of these calls was to harass Plaintiff into paying the alleged debt.

## FIRST CAUSE OF ACTION
## NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
## 47 U.S.C. § 227

25. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-24.

26. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227 et seq.

27. As a result of Defendant's negligent violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. §227(b)(3)(B).

28. Plaintiff is also entitled to seek injunctive relief prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION
## KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
## 47 U.S.C. § 227 et. seq.

29. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-24.

30. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227 et seq.

31. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

32. Plaintiff is also entitled to seek injunctive relief prohibiting such conduct in the future.

### THIRD CAUSE OF ACTION
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 et. seq.

33. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-24.

34. Defendant's conduct violated the FDCPA.

35. Defendant's FDPCA violations include, but are not limited to, the following:

   a. Defendant violated *§1692(d)* of the FDCPA by engaging in conduct of which the natural result is the abuse and harassment of the Plaintiff;

   b. Defendant violated *§1692(d)(5)* of the FDCPA by causing Plaintiff's cellular telephone to ring repeatedly or continuously with intent to annoy, abuse, or harass Plaintiff.

36. Plaintiff is also entitled to seek injunctive relief prohibiting such conduct in the future.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, SAINABOU NDONG, respectfully requests judgment be entered against Defendant, ADVANCED CALL CENTER TECHNOLOGIES, LLC, for the following:

### FIRST CAUSE OF ACTION

37. For statutory damages of $500.00 multiplied by the number of TCPA violations alleged herein two hundred and seventy-one (271) one hundred thirty-five thousand and five hundred dollars, ($135,500.00);

38. Actual damages and compensatory damages according to proof at time of trial;

## SECOND CAUSE OF ACTION

39. For statutory damages $1,500.00 multiplied by the number of TCPA violations alleged herein two hundred and seventy-one (271), four hundred six thousand and five hundred dollars ($406,500.00);

40. Actual damages and compensatory damages according to proof at time of trial;

## THIRD CAUSE OF ACTION

41. Statutory damages up to $1,000.00 pursuant to 15 U.S.C. § 1692k;

42. Reasonable attorneys' fees, costs pursuant to 15 U.S.C. § 1692k; and

43. Actual damages and compensatory damages according to proof at time of trial;

## JURY TRIAL DEMAND

44. Plaintiff demands a jury trial on all issues so triable.

RESPECTFULLY SUBMITTED,

DATED: November 21, 2019         By: /s/ Gary Eastman
                                  Gary Eastman # 50767
                                  The Eastman Law Firm
                                  4901 W. 126th St., Suite 240
                                  Leawood, KS 66224
                                  Tel: (913) 908-9113
                                  Email: gary@eastmanlawfirm.com
                                  Attorney for Plaintiff, Sainabou Ndong